Adam B. Nach – 013622
Lisa Perry Banen – 010412
**LANE & NACH, P.C.**
2025 North Third Street
The Brookstone - Suite 157
Phoenix, Arizona 85004
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: lisa.banen@lane-nach.com
Attorney for Brian J. Mullen, Case Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| In re: | (Chapter 7 Case) |
|---|---|
| PLEIN ENTERPRISES, INC., | **No. 2-10-bk-24919-RJH** |
| Debtor. | No. 2-10-bk-24921-CGC |
| In re: | [JOINTLY ADMINISTERED] |
| KENNETH JOSEPH PLEIN and MARY KATHRYN PLEIN, | Application pertains to case number:<br>✓ 10-24919<br>✓ 10-24921 |
| Debtors. | **NOTICE OF TRUSTEE'S APPLICATION TO APPROVE SETTLEMENT UNDER RULE 9019 AND GRANT RELIEF FROM THE AUTOMATIC STAY AND OF DEADLINE TO OBJECT TO SAME**<br><br>**Settling claimant:**<br>**Berlin / Doris J. Cohen Trust**<br><br>**Property addresses:**<br><br>**15209 Rosewood**<br>**9331 Arrowhead Circle**<br>**13025 N. 111th Avenue**<br>**10401 W. Chaparral**<br>**13444 N. 108th Drive** |

TO: ALL CREDITORS AND PARTIES-IN-INTEREST:

Notice is hereby given that Brian J. Mullen, Trustee, has filed an Application to Approve Settlement Under Rule 9019 and Grant Relief from the Automatic Stay, a complete copy is on file with the Clerk of the Court and available for inspection. Trustee has received an offer to settle the Estate's claim as follows:

Plein Enterprises Inc., filed a Chapter 7 petition on August 6, 2010, case number 2:10-bk-24919-RJH. Kenneth Joseph Plein and Mary Kathryn Plein ("Plein") filed a chapter 7 petition on August 6, 2010,

case number 2;10-bk-24921. Trustee has been appointed in both cases. Trustee filed an "Emergency Motion for Joint Administration" seeking to jointly administer the cases, transfer this case to the judge who was assigned the low case number, and approve a consolidated caption, and the Motion was granted by Order entered August 30, 2010. The Court has entered an Order authorizing the Trustee to Operate the Debtors businesses. The Court entered its Order authorizing the retention of Payam J. Raouf and "Mom N Pop's Realty LLC dba Arizona Property Management and Investments" ("Property Manager") as real property management company. The Court has entered its Orders allowing the Trustee to use Cash Collateral. The Cash Collateral orders provide for a $200 "maintenance reserve" per property to pay for necessary maintenance and repairs. Trustee believes based on a review of the Debtors' records that any "Deposits" (including pet, cleaning, security deposits, first and last month's rent, etc.) by any tenant at the Property were comingled with other revenues from the property, and therefore there is no segregated deposit account or trust fund holding any Deposit amounts.

**Claims Asserted:**

Trustee seeks to approve a settlement with Michael Berlin and Carolyn Berlin as Trustees of the Berlin Family Trust and the Doris J. Cohen Trust, ("Claimants") The Application concerns the following residential rental properties, ("Properties.")

| Property Address | Claimants' liens (unpaid principal balance) | Liens | Value per Claimants | Status of property |
|---|---|---|---|---|
| 15209 Rosewood | $75,000 | Claimants hold 1st position lien recorded January 23, 2007<br><br>Property is encumbered by a $30,000 deed of Trust dated September 16, 2008 recorded July 28, 2010 in favor of Douglas and Cheryl Plein. | $80,000 | Rented |
| 9331 Arrowhead Circle | $70,000 | Claimants hold 1st position lien dated April 11, 2008 and recorded October 8, 2008. | $70,000 | Rented |
| 13025 N. 111th Avenue | $40,000 | There is a 1st position lien of record in the amount of $10,000 dated January 5, 1995 recorded January 13, 1995 in favor of the Reed Family Trust. Records reflect the Deed of Trust was modified by document recorded June 13, 2000 in document no. 00-0447935.<br><br>Claimants hold a $40,000 DOT dated September 15, 2008 recorded December 17, 2008 | $21,500 | Rented |
| 10401 W. Chaparral Drive | 75,000 | There is an underlying Agreement for Sale in the original principal amount of $155,000, and there have been principal reductions applied to this loan. Trustee believes $138,000 is claimed as secured. Claimants hold a second position lien dated July 28, 2009, recorded August 2, 2008. | $140,000 | Rented |
| 13444 N. 108th Drive | $25,000 | There is a 1st position lien of record in the amount of $36,000, dated March 7, 1994, recorded March 29, 1994, in favor of Timmerman Trust. Claimant holds a 2nd position lien dated June 8, 2007, recorded August 29, 2007 | $60,200 - $63,900 | Rented |

Lane & Nach, P.C.
2025 North Third Street, Suite 157
Phoenix, AZ 85004

Claimants also assert interest and attorneys' fees and other amounts due on the loans secured by the Properties. Claimant has not filed Motions for Relief as to the Properties. Claimant seeks to recover possession of the Properties. Trustee asserts that many of the properties in this case have had inadequate cash flow to pay the debt service to holders of deeds of trust; that amounts that investors/lenders have received have been paid with "other people's money;" and that the Trustee is entitled to avoid amounts received by investors/lenders under 11 U.S.C. §§547, 548 544 incorporating state law remedies including A.R.S. §44-1001 et. seq., (collectively, "Avoidance Claims"); and that under 11 U.S.C. §502(d) holders of deeds of trust are precluded from asserting their claims until such time as the Trustee's Avoidance Claims are resolved. The parties have agreed to resolve their claims on the following terms and conditions:

**Agreement:**

Claimants will pay Trustee **$6,000.00** (six thousand dollars as the "Settlement Amount"), to be paid to the Trustee upon entry of an Order approving this Application. The Settlement Amount is subject to reduction as more fully set forth below. Claimants will and hereby do consent to the use of cash collateral and release all claims to cash collateral subject to the terms and conditions set forth herein. Property Manager shall collect the rents and manage the Properties until such time as title is conveyed. If title is conveyed in the middle of the month (i.e. February 15) the rents will not be prorated and Trustee shall retain the rents collected. Property Manager shall attempt to maintain liability insurance and fire insurance until such time as Claimant receives title to the Properties. Neither Trustee nor Property Manager shall be liable for any failure to procure insurance. Neither Trustee nor Property Manager will be liable for insurance on vacant properties. Claimant shall be responsible for any unpaid "rec" fees, association fees, and property taxes. Property Manager / Trustee shall not be responsible for any repairs or maintenance on the Property above the $200.00 maintenance reserve, unless the Trustee agrees otherwise in writing. Any unused portion of the maintenance reserve will remain property of the Estate.

**Disposition of the Properties:**

Upon entry of an order approving the Application, the parties agree as follows:

a. **15209 Rosewood** - At the option of Claimant, the Trustee shall 1) execute a Trustee's Deed to Claimant, "as is" "where is" without warranty, express or implied, and subject to any valid liens or 2) the Order approving this Application shall terminate the automatic stay to allow Claimant to foreclose Claimant's lien on the Property. In the event the latter option is elected, the Settlement Amount shall be reduced to $3,000.

b. **9331 Arrowhead Circle** - At the option of Claimant, the Trustee shall 1) execute a Trustee's Deed to Claimant, "as is" "where is" without warranty, express or implied, and subject to any valid liens or 2) the Order approving this Application shall terminate the automatic stay to allow Claimant to foreclose Claimant's lien on the Property.

c. **13025 N. 111th Avenue** –the Order approving this Application shall terminate the automatic stay to allow Claimant to foreclose Claimant's lien on the Property.

d. **13444 N. 108th Drive** the Order approving this Application shall terminate the automatic stay to allow Claimant to foreclose Claimant's lien on the Property.

e. **10401 W. Chaparral Drive** –the Order approving this Application shall terminate the automatic stay to allow Claimant to foreclose Claimant's lien on the Property.

Claimant acknowledges that any Property conveyed to Claimant by Trustee may be subject to residential leases.

**Releases:**

Following approval of the Application, Trustee will release any and all known claims including avoidance claims against Claimants, their agents, employees, officers, attorneys and accountants, as to claims arising out of payments received on account of these Properties. Nothing set forth herein shall

release any claims the Trustee has arising out of funds received for other properties. Following approval of this Application, Claimants, their agents, employees, officers, attorneys and accountants will release all known claims against Trustee, his agents, employees, officers, attorneys, accountants, and Property Manager arising before the date of the entry of an Order approving this Application. This includes any claims in the bankruptcy, claims for any Deposits, claims to the Cash Collateral and claims to the Maintenance Reserve. Notwithstanding the foregoing, nothing set forth herein shall be deemed to waive any bankruptcy claims arising out of investments in any other Properties.

Any person opposing same shall file a written objection, together with a notice of hearing, on or before 21 days of the date of this mailing with the United States Bankruptcy Court, as follows: (a) by hand-delivery or by mail to 230 North First Avenue, Suite 101, Phoenix, Arizona 85003-1706; or (b) electronically at the Court's website: ecf.azb.uscourts.gov using the Court's electronic filing procedures, with a copy to: Lane & Nach, P.C., 2025 North Third Street, Suite 157, Phoenix, AZ 85004.

**Objections should be supported by specific facts.** If the party in interest timely objects in writing and requests a hearing, the matter will be placed on the calendar to be heard by a United States Bankruptcy Judge. If there is no timely written objection and request for hearing filed, no hearing will be held and the Court will sign an Order without further notice to you.

DATED: February 14, 2011            **LANE & NACH, P.C.**

By  /s/ LPB - 010412
    Adam B. Nach
    Lisa Perry Banen

Lane & Nach, P.C.
2025 North Third Street, Suite 157
Phoenix, AZ 85004

4